NATIONAL LABOR RELATIONS BOARD v. INTER-CITY ADVERTISING CO. OF CHARLOTTE, N. C., Inc. et al.

No. 6226.

United States Court of Appeals
Fourth Circuit.

Argued June 11, 1951.

Decided July 16, 1951.

Frederick U. Reel, Atty., National Labor Relations Board, Washington, D. C. (George J. Bott, General Counsel; David P. Findling, Associate General Counsel; A. Norman Somers, Assistant General Counsel, and Melvin Pollack, Attorney, National Labor Relations Board, Washington, D. C., on brief), for petitioner.

Whiteford S. Blakeney, Charlotte, N. C. (Pierce & Blakeney, Charlotte, N. C., on brief), for respondents.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is a petition to enforce an order of the National Labor Relations Board finding that respondent had restrained and coerced its employees with respect to union activities, had discriminatorily discharged certain of them and had refused to bargain with the union which they had chosen as bargaining representative. It requires respondent to recognize the union as bargaining agent of the employees, to cease and desist from anti-union activities and to restore with back pay employees discriminatorily discharged or shifted to less desirable positions. The order is attacked on the ground that it is not supported by substantial evidence.

The evidence is set forth and analyzed in the Board's order and the Intermediate Report of the Trial Examiner and need not be repeated here. It fully sustains the findings of the Board as to the anti-union activities of respondent, the discriminatory discharge of nonsupervisory

employees and the refusal to bargain. It is argued that the refusal to bargain was justified because respondent did not know that the bargaining units were proper or that the union had achieved a majority status; but the propriety of the bargaining units was a matter for the Board and the union unquestionably had a majority status in each of the units involved. Respondent, moreover, made no attempt to ascertain whether or not the union represented a majority of employees in an appropriate unit but declined to bargain when request was made by the union and engaged in unfair labor practices in an attempt to get rid of it as a bargaining representative. In dealing with this matter the Board said:

"In justification of its conduct, the Respondent contends, in part, that it reasonably believed it could await certification of the Union before bargaining. We find no merit in this contention. As we have previously held, an employer may insist on a Board election as proof of a union's majority if it is motivated by a bona fide doubt of that majority. In this case, however, the Respondent, after learning that the Union had filed a representation petition, engaged in unfair labor practices, including the discriminatory discharge of union adherents, clearly designed to make a free election impossible. We are convinced, therefore, that the Respondent's failure to reply to the Union's requests for bargaining was not motivated by any bona fide doubt as to its majority, but by a desire to gain further time in which to undermine its support. Under these circumstances, the fact that petition had been filed furnishes no defense to the refusal to bargain."

A similar defense to refusal to bargain was rejected by this court in N. L. R. B. v. Clarksburg Pub. Co., 4 Cir., 120 F.2d 976, 980, where we said:

"The company contends that its action in this respect should be excused on the grounds (1) that the Guild offered no 'reasonable proof' that it represented a majority of the editorial employees, and (2) that the unit represented by the Guild was

inappropriate for the purposes of collective bargaining in view of the peculiar character of the company's business. Neither of these defenses is tenable. The evidence indicates and the Board found that the Guild represented a majority of the editorial employees; and it is obvious that the refusal of the company, acting through Highland, to bargain with the Guild was not due to any doubt as to the number of employees in the union, but was due to a positive rejection by the company of the principle of collective bargaining. Where the real attitude of an employer is that he will not bargain collectively with his employees under any conditions, he cannot excuse himself on the ground that sufficient proof of a majority status was not furnished him. [National] Labor [Relations] Board v. Remington Rand, Inc., 2 Cir., 94 F.2d 862, certiorari denied 304 U.S. 576, 58 S.Ct. 1046, 85 L.Ed. 1540; [National] Labor [Relations] Board v. Biles Coleman Lumber Co., 9 Cir., 98 F.2d 18, 22. This holding applies with equal force to the second excuse of the company that the Guild constituted an inappropriate unit for bargaining purposes."

With respect to the finding as to the discharge of the supervisory employee Peeler, however, and the order of reinstatement thereon, we do not think that the Board's action is sustained by the record. On the contrary, we think it perfectly clear that Peeler was discharged because of his connection with the organization of the union and we agree with the dissenting opinion of Member Reynolds that there is no substantial evidence to support the finding that he was discharged because he would not engage in the unfair labor practice of spying upon other employees. As he was a supervisory employee, he was not protected from discharge because of union membership or activities. 29 U.S.C.A. § 152(3).

The order of the Board will accordingly be modified by eliminating therefrom section 2(b) which directs the reinstatement of Peeler with back pay; and, as so modified, it will be enforced.

Modified and Enforced.