## NATIONAL LABOR RELATIONS BOARD

v.

## MODEL MILL CO., Inc.

### No. 11968.

United States Court of Appeals
Sixth Circuit.

Feb. 15, 1954.

A. Norman Somers, Samuel M. Singer, Washington, D. C., for petitioner.

George H. Armistead, Jr., and Charles J. Cornelius, Jr., Nashville, Tenn., for respondent.

Before SIMONS, Chief Judge, and MARTIN and MILLER, Circuit Judges.

PER CURIAM.

This cause was heard upon the record, briefs and argument of counsel for the respective parties;

And the Court being of the opinion that the findings of the Board that the respondent had interfered with and restrained its employees in violation of Section 8(a) (1) of the National Labor Relations Act by interrogating them concerning their union activities and threatening them with economic reprisals, N. L. R. B. v. Ford Bros., 6 Cir., 170 F.2d 735, 738; Atlas Underwear Co. v. N. L. R. B., 6 Cir., 116 F.2d 1020, 1023; and that the respondent's refusal to recog-

nize and bargain with the Union after receiving its request to do so on January 10, 1952 was motivated not by any good faith doubt as to the Union's majority in an appropriate unit, but by a desire to gain time in which to take action to dissipate the Union's majority, Joy Silk Mills, Inc., v. N. L. R. B., 87 U.S.App. D.C. 360, 185 F.2d 732, 741, certiorari denied 341 U.S. 914, 71 S.Ct. 734, 95 L. Ed. 1350; N. L. R. B. v. Kobritz, 1 Cir., 193 F.2d 8, 14; N. L. R. B. v. Wm. Tehel Bottling Co., 8 Cir., 129 F.2d 250, 254–255; are supported by substantial evidence on the record considered as a whole;

■■■■ And being also of the opinion that the application by the Union for Board certification did not as a matter of law excuse respondent's refusal to bargain with the Union; N. L. R. B. v. Inter-City Advertising Co., 4 Cir., 190 F.2d 420, 421; N. L. R. B. v. W. T. Grant Co., 9 Cir., 199 F.2d 711, 712; and that the Union's participation in the election without filing a complaint or withdrawing its representation proceeding did not constitute a waiver of the unfair labor practices previously committed and render improper the action of the Board in setting aside the election, N. L. R. B. v. Howell Chevrolet Co., 9 Cir., 204 F.2d 79, 86, affirmed 346 U.S. 482, 74 S.Ct. 214; Great Atlantic & Pacific Co., 101 N. L. R. B. No. 210; Securities & Exchange Commission v. Chenery Corp., 332 U.S. 194, 202–203, 67 S.Ct. 1575, 1760, 91 L.Ed. 1995; Local Union No. 12 v. N. L. R. B., 7 Cir., 189 F.2d 1, 5, certiorari denied 342 U.S. 868, 72 S.Ct. 109, 96 L.Ed. 653.

It is ordered that the Board's Order of April 3, 1953 be enforced.