### NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

### FRANTZ AND COMPANY, Inc., Respondent.

### No. 15419.

United States Court of Appeals
Seventh Circuit.
May 24, 1966.

---

Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, H. M. Levy, Atty., National Labor Relations Board.

Marcel Mallet-Prevost, Asst. Gen. Counsel, Allison W. Brown, Jr., Atty., N. L. R. B., Washington, D. C., for petitioner.

John G. Vergeront and Hoebreckx, Davis & Vergeront, Milwaukee, Wis., Walter S. Davis, Milwaukee, Wis., of counsel, for respondent.

Before HASTINGS, Chief Judge, and KNOCH and KILEY, Circuit Judges.

HASTINGS, Chief Judge.

The National Labor Relations Board has petitioned this court for enforcement of its order requiring Frantz & Company, Inc., *inter alia,* to cease and desist from

granting its employees benefits in order to discourage union membership or activity and from refusing to bargain with Chauffeurs, Teamsters and Helpers "General" Local 200, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America (union), as the exclusive representative of its employees in the appropriate unit.

In November, 1964, seven of Frantz's ten employees (in an appropriate unit) signed union authorization cards circulated by Willie Tate, an employee organizer for the union. On November 6, the union wrote to Frantz indicating that a majority of Frantz's employees had designated the union as their bargaining representative, and requesting recognition. The union suggested a meeting on November 11 for the purpose of negotiating a collective bargaining agreement.

Frantz referred the letter to its attorney, who met shortly thereafter with the company vice-president. At this meeting, it was decided that Frantz's wage scale was low and that increases should be given to the employees.

Frantz asked the union to postpone the projected November 11 meeting until November 18.

On November 10, the union filed a petition for an election, a copy of which Frantz received prior to November 16.

On November 16, Frantz granted each of its employees a wage increase of 35 cents an hour and also began paying employees' hospitalization insurance premiums. At that time, Frantz's vice-president advised each employee individually of the wage increase. One employee was told that there would be additional substantial pay increases in due time. He also stated: "We are going to have an election quite soon now, and I want you to bear in mind the Company's offer on that day when the election will be held." To another employee, he suggested that the wage increase might change the employees' minds about the union.

On these facts, the trial examiner concluded that Frantz had violated sections 8(a) (5) and (1) of the Labor-Management Relations Act, 29 U.S.C.A. § 158(a) (5) and (1). The Board adopted the findings, conclusions and recommendations of the trial examiner.[1]

Frantz argues that the Board's order should not be enforced on the grounds that there is no substantial evidence in the record that the wage increase was granted for the purpose of discouraging the employees' freedom of choice and that Frantz did not refuse to bargain. Frantz also argues that three authorization cards were signed on the belief that they were to be used for the purpose of obtaining an election, while another signed card was secured through a misrepresentation of the union organizer that all but two of the employees had signed union authorization cards. Frantz urges that there is no substantial evidence that the union was freely chosen by the majority of its employees.

■ The law is clear that an employer commits an unfair labor practice if he grants economic benefits during a union organizational campaign for the express or calculated purpose of influencing employee freedom of choice for or against a union. National Labor Relations Board v. Exchange Parts Co., 375 U.S. 405, 409, 84 S.Ct. 457, 11 L.Ed.2d 435 (1964); or to induce employees to leave a union once they are members of it, thereby dissipating union strength, Medo Photo Supply Corp. v. National Labor Relations Board, 321 U.S. 678, 685–686, 64 S.Ct. 830, 88 L.Ed. 1007 (1944). Cf. National Labor Relations Board v. Taitel, 7 Cir., 261 F.2d 1, 4, cert. den., 359 U.S. 944, 79 S.Ct. 725, 3 L.Ed.2d 677 (1959).

■ Similarly, an employer commits an unfair labor practice by refusing to bargain with a majority union if he does not have a good faith doubt of the union's majority status. Happach v. N.L.R.B., 7 Cir., 353 F.2d 629 (1965); N.L.R.B. v. Mid-West Towel & Linen Service, Inc., 7 Cir., 339 F.2d 958 (1964); N.L.R.B. v. Crean, 7 Cir., 326 F.2d 391 (1964).

1. The Board's decision and order are reported at 153 NLRB No. 113.

We are bound to uphold factual findings and inferences of the Board if they are supported by substantial evidence on the record as a whole. 29 U.S. C.A. § 160(f); Happach v. N.L.R.B., supra.

Substantial evidence on the record as a whole supports the Board's inference that the wage increase and other benefits given Frantz's employees were granted in order to discourage employees from supporting the union.

While Frantz has argued that a majority of its employees did not support the union, there is no satisfactory showing in the record that the contested cards were signed under the belief or representation that the sole purpose of obtaining signatures on the authorization cards was to obtain an election. Cf. Happach v. N.L.R.B., supra. Substantial evidence supports the Board's finding that the union had a majority at the time it made its first approach to Frantz.

Since the union had a majority without counting the authorization card which Frantz has challenged on the grounds of misrepresentation, it is not necessary to decide the question of misrepresentation.

Frantz gave no indication that it doubted the majority status of the union at any time. As found by the Board and sustained by us, the union did represent a majority of Frantz's employees. Since the union had majority status at the time Frantz illegally sought to discourage union support, the Board, under its authority to remedy unfair labor practices, could order Frantz to recognize the union and bargain with it, thereby preventing Frantz from profiting by its acts. Cf. Franks Bros. Co. v. National Labor Relations Board, 321 U.S. 702, 703–705, 64 S.Ct. 817, 88 L.Ed. 1020 (1944); National Labor Relations Board v. Stow Manufacturing Co., 2 Cir., 217 F.2d 900, 904–905 (1954), cert. den., 348 U.S. 964, 75 S.Ct. 524, 99 L.Ed. 751 (1955).

The fact that the union filed a representation petition seeking an election does not excuse Frantz from its duty to recognize and bargain with a majority union. National Labor Relations Board v. Armco Drainage & Metal Products, Inc., 6 Cir., 220 F.2d 573, 576–577 (1955), cert. den., 350 U.S. 838, 76 S.Ct. 76, 100 L.Ed. 748 (1955); National Labor Relations Board v. Inter-City Adv. Co., 4 Cir., 190 F.2d 420, 421 (1951), cert. den., 342 U.S. 908, 72 S.Ct. 301, 96 L.Ed. 679 (1952).

There is no indication in the record that Frantz failed to deal with the union because it thought the union's representation petition justified a doubt as to the union's majority status, or that Frantz insisted upon an election for proof of union majority status. Similarly, the filing of the petition is no indication that the union did not have majority status.

The petition for enforcement of the Board's order will be granted, and it is so decreed.

Order enforced.